# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Robert W. Gettleman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 8541 | **DATE** | September 26, 2003 |
| **CASE TITLE** | B & W Loudspeakers Ltd. v KEF Audio | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Hearing
(5) ☐ Status hearing
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
  ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry]

Memorandum opinion and order entered. Accordingly, KEF's motion for leave tp file additional counterclaims is granted as to Counts VI, VII and VII and denied as to count IX.

(11) ● [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | Document Number |
| X | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | SEP 26 2003 date docketed | |
| | Docketing to mail notices. | | | 88 |
| | Mail AO 450 form. | | 15 docketing deputy initials | |
| | Copy to judge/magistrate judge. | U.S. DISTRICT COURT CLERK | | |
| GDS | courtroom deputy's initials | 03 SEP 26 PM 12:20 | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

Minute Order Form (06/97)

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION



SEP 2 6 2003

B&W LOUDSPEAKERS LIMITED and EQUITY )
INTERNATIONAL, INC., )
)
Plaintiffs, )
) No.   01 C 8541
v. )
) Judge Robert W. Gettleman
KEF AUDIO (UK) LTD. and ADCOM, )
)
Defendants. )
)
_____ )
)
KEF AUDIO (UK) LTD., and KEF AMERICA, )
INC., )
)
Counterclaimants, )
)
v. )
)
B&W LOUDSPEAKERS LIMITED and EQUITY )
INTERNATIONAL, INC., )
)
Counterdefendants. )

## MEMORANDUM OPINION AND ORDER

Plaintiffs B&W Loudspeakers Limited and Equity International, Inc., (together as "B&W") brought a five count second amended complaint against defendants KEF Audio (UK) Ltd. and KEF America, (together at "KEF") alleging trade dress infringement, trade dress violations, design patent infringement, deceptive trade practices, and consumer fraud. KEF filed a five count counterclaim seeking: (1) a declaration of the absence of trade dress violations and non-infringement of trade dress (Count I); (2) a declaration of non-infringement of the patents in suit (Count II); (3) a declaration that

88

KEF has not engaged in unfair competition (Count III); (4) damages for false advertising (Count IV); and (5) damages for deceptive trade practices (Count V).

B&W executed a covenant not to sue on June 24, 2003, and on July 17, 2003, the court dismissed all of B&W's claims with prejudice and Counts I through III of KEF's counterclaim without prejudice, leaving pending only KEF's counterclaim for damages for false advertising (Count IV) and deceptive trade practices (Count V). KEF now moves for leave to file amended and supplemental counterclaims, reasserting its false advertising and deceptive trade practices claims (Counts IV and V) and adding: (1) a claim for monopolization of the market in violation of § 2 of the Sherman Antitrust Act, 15 U.S.C. § 2 (Count VI); (2) a claim for attempt to monopolize the market in violation of § 2 of the Sherman Antitrust Act (Count VII); (3) a claim for attempt to monopolize the market based on sham litigation (Count VIII); and (4) a claim for a declaration of unenforceability of B&W's design patents (Count IX).

B&W opposes the motion, arguing that the proposed antitrust claims are nothing more than a disguised request for a declaration of invalidity and unenforceability of B&W's patents, issues over which this court has already held that it lacks subject matter jurisdiction. B&W also argues that the supplements come too late, causing prejudice to B&W and, in any event, are futile. For the reasons set forth below, KEF"s motion is granted in part and denied in part.

## DISCUSSION

In <u>Super Sack Mfg. Corp. v. Chase Packaging Corp.</u>, 57 F.3d 1054, 1058 (Fed. Cir. 1995), the Federal Circuit held that a two part justicability test applies to suits for declarations of patent rights: "[t]here must be both (1) an explicit threat or other action by the patentee, which creates the reasonable apprehension on the part of the declaratory plaintiff that it will face an infringement suit,

2

and (2) present activity which could constitute infringement or concrete steps taken with the intent to conduct such activity." Based on B&W's presentment to KEF of a covenant not to sue, which prevents B&W from asserting any claims of infringement against KEF, this court dismissed Counts I through III of KEF's counterclaim, holding that the covenant removes from the field any controversy sufficiently actual to confer jurisdiction over the case.

Count IX of KEF's proposed amended counterclaim seeks a declaration that B&W's patents are unenforceable because the claimed designs were known by B&W to be functional and thus not subject to design patent laws, and because B&W committed fraud on the Patent Office. Because of the covenant not to sue, however, KEF has no reasonable apprehension that it will face an infringement suit by B&W with respect to any past or present product it produces. Therefore the court lacks subject matter jurisdiction over the claim, because part 1 of the Super Sack justicability test is not met.

KEF's argument that the court has jurisdiction over Count IX because the claim is a predicate for its counterclaims for false advertising and unfair competition as well as its proposed supplemental antitrust counterclaims is misplaced. It is true that the enforcement of a patent procured by fraud on the Patent Office may violate § 2 of the Sherman Act if all other elements of a monopolization claim are proved. Walker Process Equipment, Inc. v. Food Machinery & Chemical Corp., 382 U.S. 172, 175-79 (1965). Thus, it is also correct that fraud on the Patent Office may serve as a predicate for an antitrust action based on past attempts to enforce a patent. B&W is correct, however, that Walker Process does not provide a jurisdictional basis for a separate declaratory judgment counterclaim where there is no explicit threat or other action by the patentee that creates

3

a reasonable apprehension on the part of the counter-claimant that it will face an infringement suit. Because KEF faces no such apprehension, the court has no jurisdiction over Count IX.

Walker Process does, however, provide a jurisdictional basis for KEF's antitrust counterclaims. In Walker Process, the Supreme Court held that dismissal with prejudice of a patentee's infringement complaint does not divest the court of jurisdiction to decide a counterclaim under the Sherman Act. Id. at 176. Accordingly, the court has jurisdiction over proposed Counts VI, VII, and VIII, and the court would grant leave to file those counts if they otherwise comply with the Federal Rules of Civil Procedure.

Amendment of pleadings is governed by Fed. R. Civ. P. 15, which provides that after a responsive pleading has been served, a party may amend a pleading only by leave of court, and that "leave shall be freely given when justice so requires." The goal of the Federal Rules is to resolve disputes on their merits in a single judicial proceeding if possible. Therefore, leave to amend should be allowed absent undue delay, bad faith, dilatory motive, undue prejudice, repeated failure to cure deficiencies by amendment previously allowed, or futility of the amendment. Williams Electronic Games, Inc. v. Barry, 2000 WL 794578 (N.D. Ill. 2000); Foman v. Davis, 371 U.S. 178, 182 (1962).

B&W argues that it will suffer undue prejudice as a result of the amendment and disputes KEF's statements that KEF only recently acquired the facts supporting the proposed antitrust amendments. The only prejudice B&W asserts, however, is that the new claims will require substantial additional discovery to rebut. KEF argues that the antitrust counterclaims are based largely on the same issues and facts as the previous counterclaim alleging patent invalidity, with some discrete newly discovered facts giving KEF the comfort level needed to plead the antitrust claims in compliance with Fed. R. Civ. P 11. It is difficult for KEF to dispute, however, that

4

antitrust cases generally require highly complex evidentiary showings, such as relevant market and cross-elasticity, which are more complex than the typical patent infringement issues. See Hunter Douglas, Inc. v. Comfortex Corp., 44 F. Supp.2d 145 (N.D. N.Y. 1999); Hal Leonard Publishing Corp. v. Future Generations, Inc., 1994 WL 163987 (S.D. N.Y. 1994). Because there has been no discovery on the antitrust issues, the addition of the claims will necessarily result in some delay.

Nonetheless, most, if not all, of the discovery relating to the factual allegations underlying the counterclaims (e. g., the alleged fraud on the Patent Office) has been taken, leaving only the discovery specific to the antitrust issues to be completed. Discovery in the case has not been closed, and no trial date has been set. Therefore, the addition of the claims will pose no undue prejudice to B&W.

Finally, B&W asserts that the antitrust counterclaims are futile, arguing that the claims are conclusory and fail to set forth facts from which B&W's monopoly power in the relevant market could be inferred. Although B&W has raised some substantial challenges to KEF's pleadings, which might indicate the need for further amendment, they are challenges better raised in a fully briefed motion under Fed. R. Civ. P. 12(b)(6) or, if KEF elects to stand on its proposed amendments, under Fed. R. Civ. P. 56 after discovery into the issues specific to the antitrust claims has been completed. Nothing B&W has presented thus far, however, conclusively establishes that KEF cannot, under any set of facts, sustain its claims. Accordingly, KEF's motion to supplement the counterclaim by the addition of Counts VI, VII and VII is granted.

## CONCLUSION

For the reasons set forth above, KEF's motion for leave to file additional counterclaims is granted as to Counts VI, VII and VII and denied as to Count IX.

**ENTER:** **September 26, 2003**

Robert W. Gettleman
United States District Judge

6